**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 27, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 20-13449-DD
Case Style: Sarabeth Witbart v. Mandara Spa (Hawaii), LLC
District Court Docket No: 1:18-cv-21768-DPG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 20-13449

_____

District Court Docket No.
1:18-cv-21768-DPG

SARABETH WITBART,

                               Plaintiff - Appellant,

versus

MANDARA SPA (HAWAII), LLC,

                               Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 28, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13449

_____

D.C. Docket No. 1:18-cv-21768-DPG


SARABETH WITBART,

                                          Plaintiff-Appellant,

versus

MANDARA SPA (HAWAII), LLC,

                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 28, 2021)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Appellant Sarabeth Witbart[1] appeals the district court's August 14, 2020 judgment in favor of Appellee Mandara Spa (Hawaii), LLC ("Mandara Spa"). Ms. Witbart brought a two-count lawsuit against Mandara Spa, under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law, for failure to provide maintenance and cure for the condition in her neck and spine. After an eight-day bench trial, the district court determined that Mandara Spa had proven its affirmative defense, pursuant to McCorpen v. Central Gulf S.S. Corp., 396 F.2d 547 (5th Cir. 1968),[2] and that Mandara Spa was not liable for Ms. Witbart's maintenance and cure. After careful review of the record and the parties' briefs, and with the benefit of oral argument, we must affirm.

On appeal from a bench trial, we review issues of law de novo and review issues of fact for clear error. Direct Niche, LLC v. Via Varejo S/A, 898 F.3d 1144, 1149 (11th Cir. 2018) (citing Crystal Ent. & Filmworks, Inc. v. Jurado, 643 F.3d 1313, 1319 (11th Cir. 2001)). This standard provides that "we may reverse the district court's findings of fact if, after viewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. (quotation marks omitted).

---

[1] The argument calendar and our docket misspelled Ms. Witbart's last name.
[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

After the bench trial, the district court found that: (1) Ms. Witbart had a serious, debilitating medical condition that predated her employment with Mandara Spa; (2) Ms. Witbart intentionally misrepresented and concealed her preexisting condition from Mandara Spa before her initial and subsequent employment contracts; (3) the undisclosed condition was material to Mandara Spa's decision to hire Ms. Witbart; and (4) there was a causal connection between the withheld condition and the condition Ms. Witbart complained of in her lawsuit. Ms. Witbart has shown no reversible error in the district court's findings or rulings.

We recognize that Ms. Witbart argues that the district court erred in not applying Vaughan v. Atkinson, 369 U.S. 527 (1962), to this case. Ms. Witbart claims that Vaughan requires courts hearing maintenance cases to construe disputed medical evidence in the seaman's favor. This is an incorrect reading of the case. Vaughan resolved an ambiguity in favor of a seaman regarding the amount of maintenance and cure owed by the shipowner. Id. at 532–33. Vaughan did not state that all ambiguities, or even evidentiary ambiguities, were to be resolved in every seaman's favor. Such a reading would strip district courts of their ability to make credibility determinations when confronted with conflicting evidence during a bench trial. Indeed, this Court "must give due regard to the trial court's opportunity to judge the witnesses' credibility." FN Herstal SA v. Clyde Armory Inc., 838 F.3d 1071, 1080 (11th Cir. 2016) (quoting Fed. R. Civ. P.

52(a)(6)). Therefore, the district court was correct in not applying Ms. Witbart's proposed interpretation of Vaughan in this case.

In addition, the district court did not apply an incorrect standard to the McCorpen defense. Further, we conclude the McCorpen defense was not an after-the-fact pretext, and the district court was correct not to estop Mandara Spa from raising it.

Accordingly, we affirm the district court's final judgment in favor of Appellee Mandara Spa.

**AFFIRMED.**