UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-21768-GAYLES/OTAZO-REYES

SARABETH WITBART,

    Plaintiff,
v.

MANDARA SPA (HAWAII), LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Mandara Spa (Hawaii), LLC's ("Defendant") Motion for Entry of Cost Judgment (hereafter, "Motion for Costs") [D.E. 272]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 274]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Costs be GRANTED IN PART.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Sarabeth Witbart ("Plaintiff") commenced this action against Defendant on May 3, 2018 [D.E. 1]. Plaintiff filed an Amended Complaint on April 12, 2019, asserting claims for maintenance and cure under the Jones Act, 46 U.S.C. § 30104 and General Maritime Law. See Amended Complaint [D.E. 65, ¶ 2]. In its Answer and Affirmative Defenses, Defendant alleged that Plaintiff was not entitled to maintenance and cure due to her failure to disclose a pre-existing medical condition prior to Defendant's decision to hire her. See Answer and Affirmative Defenses [D.E. 6, ¶ 5].

A bench trial was conducted on November 18, 2019. See Paperless Minute Entry [D.E. 207]. After a continuance, the bench trial was concluded on August 14, 2020, with the entry of a

Final Judgment in favor of Defendant.  See Final Judgment [D.E. 231].

On August 26, 2020, Defendant filed and served its initial Motion to Tax Costs [D.E. 232], supported by various invoices (hereafter, "Invoices") [D.E. 236-1].  On March 8, 2021, the Court granted in part that motion, subject to Plaintiff's pending appeal, and deferred ruling on the amount of costs "until after the appeal is resolved."  See Order [D.E. 266].  On October 27, 2021, the Eleventh Circuit Court of Appeals issued it Mandate affirming the Final Judgment.  See Mandate [D.E. 268].  Defendant now seeks a cost judgment in the amount of $103,855.24.  See Motion for Costs [D.E. 272 at 2].

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary.").  "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party."  Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012).  Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs in excess of those authorized by statute.  Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

### I. Entitlement to Costs

The Court has already determined that Defendant is entitled to recover its costs as the prevailing party in this action.  See Order [D.E. 266].  Therefore, the undersigned need not consider Plaintiff's arguments that costs are not awardable or that the Court should deny Defendant's request for taxation of costs on the basis that Plaintiff brought the case in good faith.  See Response [D.E. 273 at 10–11].

### II. Taxable Costs

Defendant requests an award of the following costs as the prevailing party in this action:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of subpoenas | 2,277.00 |
| Fees for printed or electronically recorded transcripts | 15,503.03 |
| Fees for witnesses | 83,073.75 |
| Fees for exemplification and the costs of making copies of materials necessarily obtained for use at trial | 1,531.46 |
| Mediation | 1,470.00 |
| **TOTAL:** | 103,855.24 |

See Bill of Costs [D.E. 232-1 at 1].

Plaintiff generally objects to Defendant's Motion for Costs on the grounds that Defendant failed to submit documentation and records substantiating its request for costs, and "failed to provide a justification or explanation as to why a significant amount of [its] costs should be taxable." See Plaintiff's Response to Defendant's Motion for Entry of Cost Judgment (hereafter, "Response") [D.E. 273 at 11]. However, a review of Defendants' Invoices shows that Defendant has in fact provided supporting documentations for its request for costs. Therefore, the undersigned finds no merit in this general objection and addresses the propriety each specific cost category submitted by Defendant.

### A. Fees for service of subpoenas

Private process server fees may be taxed pursuant to Section 1920. U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). However, such costs are normally limited to $65.00, which is the standard hourly rate that the U.S. Marshals Service charges for serving a document, plus travel costs and other out-of-pocket expenses for serving process. Emery v. Allied Pilots Ass'n, No. 14-80518-CV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017), report and recommendation adopted, No. 14-80518-CIV, 2017 WL 5188351 (S.D. Fla. June 6, 2017). Thus, "in the absence of documented travel or out-of-pocket expenses, the maximum recovery per subpoena is $65.00 or the actual cost incurred, whichever is less." Nelson v. North Broward Med. Ctr., No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014).

Defendant's invoices for the service of 23 subpoenas total $2,277.00. See Invoices [D.E. 236-1 at 53–75]. However, the allowable total, at the rate of $65 per subpoena, is $1,495, which is less than the requested amount. Therefore, the amount for process server fees is reduced to $1,495.00.

**B. Fees for printed or electronically recorded transcripts**

Defendants seek to recover $15,503.03 for the costs of 16 printed and electronically recorded transcripts of depositions and 8 hearings, as well as various related costs. See Invoices [D.E. 236-1 at 1–28]; Bill of Costs [D.E. 232-1 at 2]. Plaintiff argues that Defendant has "failed to make the requisite showings that the transcripts were necessary and reasonable, and therefore taxable as costs under 28 U.S.C. § 1920." Response [D.E. 273 at 4–5]. The undersigned addresses these contentions below.

1. Hearing Transcripts

 Defendant seeks $533.23 in costs for transcripts of discovery hearings and a pretrial status conference, plus $2,087.70 for transcripts of witness testimony from the bench trial. See Invoices [D.E. 236-1 at 2, 6, 8–9, 12–14]. "Section 1920 gives district courts the discretion on whether to tax hearing transcripts." Gustave v. SBE ENT Holdings, LLC, 19-23961-CIV, 2021 WL 4463149, at *8 (S.D. Fla. Sept. 10, 2021) (citing 28 U.S.C. § 1920(2)). "'Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice.'" Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp., 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018). Trial transcript costs may also be recovered if the transcripts were "'necessary for presentation of the case at trial, and not solely for the convenience of counsel.'" Bumpers v. Austal U.S.A., L.L.C, 2015 WL 6870122, at *3 (S.D. Ala. Nov. 6, 2015) (citation omitted). This determination is made on a case-by-case basis. See id.

Defendant does not explain why the pretrial hearing transcripts were necessary for use in the case. Thus, Defendant has not met its burden of showing necessity with respect to those transcripts. Thus, the undersigned finds that Defendant has not met its burden with respect to the pretrial hearing transcripts. See Ferguson v. Bombardier Servs. Corp., No. 8:03-cv-539-T-

5

31DAB, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) ("Movants seeking to tax the cost of pretrial hearing transcripts must show that the pretrial hearings for which transcript costs are sought limited and clarified issues" to be heard at trial.). Defendant does argue that the transcripts of testimony from Plaintiff, Plaintiff's mother, and its own witness Elizabeth Junco were obtained for impeachment of Plaintiff's witnesses and for rehabilitation of its witness during live testimony at trial. See Reply [D.E. 275 at 4–5]. Given this explanation, the undersigned finds that the costs of the transcripts of witness testimony at the bench trial are recoverable. See Zokaites v. 3236 NE 5th St., Inc., Slip Copy, 2008 WL 4792451, at *4–5 (S.D. Fla. Oct. 31, 2008) (allowing taxation of costs for hearing transcript that was obtained in anticipation of potential witness impeachment).

Accordingly, Defendant is only entitled to recover $2,087.70 for the cost of transcripts of witness testimony at trial.

2. Deposition transcripts and court reporter appearance fees

Court reporter attendance fees and deposition transcripts are generally taxable. See Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F.Supp.2d 1254, 1258–59 (S.D. Fla. June 12, 2013). However, deposition transcripts incurred merely for counsel's convenience are not recoverable. Barrera v. Weiss & Woolrich Southern, 900 F.Supp.2d 1328, 1335 (S.D. Fla. Oct. 19, 2012). Further, because "the parties presumably have equal knowledge of the basis for each deposition, the party who challenges the proposed costs 'bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case. . . .'" MSPA Claims 1, LLC v. Covington Specialty Ins. Co., Slip Copy, 2021 WL 6926415, at *5 (S.D. Fla. Sept. 28, 2021) (internal quotations omitted) (citation omitted). Plaintiff has not met this burden.

Defendant argues that deposition transcripts were necessary because the Court "specifically directed the parties to provide hard copies of the transcripts for the court's ease in

6

review" and for purposes of annotating the deposition transcripts. See Reply [D.E. 275 at 4]. Thus, the undersigned finds that the $8,616.50 costs for the deposition transcripts were reasonably incurred for use in the case and not merely for the convenience of counsel, and thus, are recoverable.

### 3. Video Depositions

Defendant seeks to recover $415.00 in costs for videotaping three depositions. See Invoices [D.E. 236-1 at 7, 15, 17]. "[W]hen a party notices a deposition to be recorded by . . . both stenographic and means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996). However, to tax costs for both transcripts and videotapes of a deposition, the prevailing party must explain why both means of recording the deposition were necessary. Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010) (citing Morrison, 97 F.3d at 465); see also Perfect Web Techs., Inc. v. Infousa, Inc., No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) ("[W]here reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary."); Utopia Provider Sys., Inc. v. Pro–Med Clinical Sys., L.L.C., 2009 WL 1210998, at *3 (S.D. Fla. May 1, 2009) (duplicative video deposition costs were denied where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions).

Here, Defendant provides no explanation as to why both transcripts and videotapes of the depositions were necessary. Given the lack of explanation, the $415.00 in costs attributable to the videotaping of the depositions are not recoverable.

    4. <u>Shipping and handling charges</u>

"Shipping and handling costs derived from the stenographer are not taxable." <u>Castillo v. Teledyne Cont'l Motors. Inc.</u>, No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011) <u>report and recommendation adopted</u>, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011). Defendant seeks to recover the itemized shipping and handling charges for the deposition transcripts listed in their Invoices. <u>See</u> Invoices [D.E. 236-1]. However, these costs are not recoverable. <u>See</u> <u>Pediatric Nephrology</u>, 2018 WL 4778456, at *4. Disallowance of these items results in a reduction of $404.50.

    5. <u>Electronic and condensed transcripts, litigation packages, exhibits, and laptop rentals</u>

"[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." <u>Nelson</u>, 2014 WL 2195157, at *3. Additionally, Section 1920 "does not allow for the taxation of the printed *and* electronic version of the same transcript." <u>Feise v. N. Broward Hosp. Dist.</u>, No. 14-cv-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017) (emphasis in original). Litigation packages are generally obtained for the convenience of counsel; hence, they are not recoverable. <u>Powell</u>, 2010 WL 4116488, at *10 (finding "CD Deposition Litigation Packages" to be items which were obtained "for the convenience of counsel").

Defendant seeks to recover the costs of electronic and condensed transcripts, litigation packages, copies of exhibits, and laptop rentals but provides no explanation for the necessity of these costs. <u>See</u> Invoices [D.E. 236-1]. Thus, the undersigned find that such costs were incurred for the convenience of counsel and are not recoverable. <u>See</u> <u>Nelson</u>, 2014 WL 2195157, at *3.

Moreover, since the undersigned has already found that the printed transcripts are recoverable, Defendant is not entitled to recover the additional costs of the electronic versions of those same transcripts. Feise, 2017 WL 3315144, at *3. Disallowance of these items results in a reduction of $3,446.10. See Invoices [D.E. 236-1 at 3, 11, 15–17, 19–21, 23–28].

Accordingly, Defendant's request for reimbursement of $15,503.03 in costs for printed or electronically recorded transcripts is reduced to $10,704.20.

**B. Fees for witnesses**

With respect to Defendant's request for "[f]ees for witnesses", Defendant provides the following breakdown of costs:

| Fees for Witnesses | Amount ($) |
| --- | --- |
| Miami Spine Institute/Dr. Amar Rajadhyksha<br>Miami, Florida – expert witness fees<br>(review of materials, conferences and attendance at trial) | 45,500.00 |
| Collier Radiology Consultants/Dr. Marc Kaye<br>Fort Lauderdale, Florida – expert witness fees<br>(review of materials, conferences and attendance at trial) | 18,212.50 |
| Deposition of Dr. Lesley Rao<br>Saint Louis, Missouri – deposition fee | 1,900.00 |
| Deposition of Dr. Kyle Colle<br>Cape Girardeau, Missouri – deposition fee | 7,875.00 |
| Deposition of Dr. Paul H. Young (cancelation)<br>Saint Louis, Missouri – deposition fee | 2,000.00 |
| Deposition of Corporate Representative (Manning Gross)<br>Boston, Massachusetts – deposition fee | 2,430.00 |
| Deposition of Dr. Wilson Ray<br>Saint Louis, Missouri – deposition fee | 3,750.00 |
| Deposition of Dr. Russell Coulter<br>Sparta, Illinois – deposition fee | 1,406.25 |
| **TOTAL:** | **83,073.75** |

See Bill of Costs [D.E. 232-1 at 2].

Pursuant to Section 1920, the Court may award "[f]ees and disbursements for . . . witnesses," subject to the limitations set forth in Title 28, United States Code, Section 1821

9

(hereafter, "Section 1821"). See Crawford Fitting, 482 U.S. at 441; see also J.G. v. Carnival Corp., No. 12-21089-CIV, 2013 WL 5446412, at *5 (S.D. Fla. Sept. 28, 2013) ("Generally, an attendance fee of $40.00 is recoverable under § 1920 for witnesses who attend trial or a deposition."). This limitation applies to expert witnesses. See Walker v. Bozeman, 243 F.Supp.2d 1298, 1307 (N.D. Fla. 2003) ("Expert witness fees (above the $40 daily attendance fee applicable to any witness, *see* 28 U.S.C. § 1821) are not recoverable.")).

In addition to the $40 per day fee, "'[a] witness is also entitled to the actual expenses of travel by common carrier at the most economical rate reasonably available . . . [and] a subsistence allowance in an amount not to exceed the per diem allowance for federal employees when the witness is required to stay overnight.'" Ferguson v. Bombardier Servs. Corp., No. 8:03-cv-539-T-31DAB, *et al.*, 2007 WL 601921, at *5 (M.D. Fla. Feb. 21, 2007) (citing 42 U.S.C. § 1821(c)(1)). See also 28 U.S.C. § 1821(b), which provides that:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance [at a trial or deposition]. A witness shall also be paid the attendance for the time necessarily occupied in going to and returning from the place of attendance.

However, "the party requesting travel costs needs to provide detailed documentation of the expenses incurred." J.G., 2013 WL 5446412, at *5. Here, Defendant has not provided any receipts for the travel expenses for any of its witnesses. Thus, Defendant is not entitled to recover unsubstantiated travel costs. See id.; see also Peeler v. KVH Indus., Inc., 8:12-cv-1584-T-33TGW, 2014 WL 12617558, at *7 (M.D. Fla. June 16, 2014) (declining to award travel costs because the party neglected to provide any information as to the details for calculating witness' mileage).

Defendant also seeks to recover costs for each expert's time spent preparing for depositions or trial, document review, and cancellation fees for its witnesses, which are not allowable costs. Walker, 243 F.Supp.2d at 1307. Those additional costs are detailed below.

1. Dr. Amar Rajadhyksha ("Dr. Rajadhyksha")

Defendant requests $45,500 in costs for Dr. Rajadhyksha, including: $38,000 for review of various medical records and performing an Independent Medical Exam ("IME"); $500 for a pre-deposition phone conference on March 27, 2019; $1,000 for two pre-trial conferences; and $6,000 half-day trial appearance on September 12, 2019. See Invoices [D.E. 236-1 at 29–35].[1] Thus, Defendant is only entitled to recover $80 for Dr. Rajadhyksha's attendance at deposition and one-day attendance at trial.

2. Dr. Marc Kaye ("Dr. Kaye")

Defendant requests $18,212.50 in costs for Dr. Kaye's review of various deposition transcripts, medical records, telephone conferences, drafting reports, preparation of a PowerPoint, a deposition appearance on November 22, 2019, and two appearances at trial on November 20, 2019 and December 2, 2019, respectively. See Invoices [D.E. 236-1 at 15, 37–40]. Defendant is entitled only to costs incurred for Dr. Kaye's deposition and trial appearances, capped at $40 for each day. Thus, Defendant may only recover the reduced witness fee of $120 for Dr. Kaye.

3. Dr. Lesley Rao ("Dr. Rao")

Defendant requests $1,900 in costs for Dr. Rao and provides two documents to substantiate these costs: a check for $1,900 with the description "Witness Fee" and an invoice from Alpha & Omega Reporting Services, Inc. for deposition services incurred on May 23, 2019 with Dr. Rao listed as the witness. See Invoices [D.E. 236-1 at 11, 44]. Plaintiff concedes that $40 in fees for

---

[1] Plaintiff does not dispute that the deposition of Dr. Rajadhyksha occurred.

11

Dr. Rao's deposition are recoverable. See Response [D.E. 273 at 7]. Accordingly, Defendant is entitled to recover $40 for Dr. Rao's May 23, 2019 deposition.

4. Dr. Kyle Colle ("Dr. Colle")

Defendant requests $7,875 in costs for Dr. Colle for his pre-deposition preparation and attendance at his deposition on July 18, 2019. See Invoices [D.E. 236-1 at 41–42]. Defendant is not entitled to recover costs for Dr. Colle's deposition preparation but may recover a reduced witness fee of $40 for Dr. Colle's July 18, 2019 deposition.

5. Dr. Paul H. Young ("Dr. Young")

Defendant requests $2,000 in costs for a "late cancellation fee" for the deposition of Dr. Young. Because cancellation fees are not recoverable under Section 1920, Defendant may not recover any witness fess for Dr. Young. See George v. Chipotle Mexican Grill Serv. Co., 6:12-cv-845-Orl-36GJK, 2014 WL 5426519, at *4 (S.D. Fla. Oct. 24, 2014) ("Cancellation fees are not listed as a recoverable cost under § 1920.").

6. Corporate Representative

Defendant requests $2,430 in costs for its Corporate Representative, Elizabeth Junco ("Ms. Junco").[2] Included in these costs are Ms. Junco's time for reviewing the notice of deposition and preparing for and attending the "deposition of Corporate Representative". See Invoices [D.E. 236-1 at 45]. The invoice from Ms. Junco's firm, Manning Gross, does not specify a date for the deposition. See id. Plaintiff argues that Defendant is not entitled to recover these costs because "no such deposition ever took place in the instant matter." See Response [D.E. 273 at 8]. Defendant does not directly address this argument in its Reply Brief. However, among the invoices

---

[2] Defendant's Bill of Costs lists "Manning Gross" next to its costs for the deposition of its Corporate Representative [D.E. 232-1 at 2]. A review of the Invoices shows "Manning Gross" stands for the firm Manning Gross + Massenburg LLP. See Invoices [236-1 at 45]. Defendant's Reply clarifies that Elizabeth Junco was its Corporate Representative. See Reply [D.E. 275 at 4].

provided by Defendant are two invoices from Prestige Reporting Service, Inc. ("Prestige Reporting") for costs incurred from depositions of Ms. Junco taken on October 30, 2018 and January 17, 2019. See Invoices [D.E. 236-1 at 16–17]. Defendant also argues in its Reply Brief that Ms. Junco's deposition transcripts were necessary for use at trial as a "key witness", which, coupled with the invoices from Prestige Reporting, supports that Ms. Junco was indeed deposed. See Reply [D.E. 275 at 4–5].

Accordingly, the undersigned finds Defendant is entitled to the reduced witness fee of $80 for Ms. Junco's attendance at two depositions. See Equal Emp. Opportunity Comm'n v. Doherty Grp., Inc., 2020 WL 8181630, at *4 (S.D. Fla. Dec. 29, 2020) (holding that "witness fees associated with the testimony of the two corporate representatives not personally involved in the litigation are taxable"); Santana v. RCSH Operations, LLC, No. 10-61376-CIV, 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012) ("In awarding witness costs, '[c]ourts differentiate between time a corporate representative spends testifying versus days he or she spends advising trial counsel.'") (citation omitted); see id. (citing Dorothy K. Winston & Co. v. Town Heights Dev., Inc., 68 F.R.D. 431, 433–34 (D.D.C. 1975) ("Fees may be taxed in favor of a corporation which prevails for the appearance of its corporate officers and directors. Yet, these fees like those of any witnesses are limited to days spent in transit, testifying or waiting to testify and not in advising counsel.")).

7. Dr. Wilson Ray ("Dr. Ray")

Defendant seeks $3,750 in costs for the deposition of Dr. Ray that occurred on February 22, 2019. See Invoices [D.E. 236-1 at 47]. However, Defendant is only entitled to recover a reduced witness fee of $40 for Dr. Ray.

8. <u>Dr. Russell Coulter ("Dr. Coulter")</u>

Defendant seeks $1,406.25 in costs for the deposition of Dr. Coulter that occurred on March 21, 2019. <u>See</u> Invoices [D.E. 236-1 at 10, 43]. However, Defendant is only entitled to recover a reduced witness fee of $40 for Dr. Coulter.

Accordingly, Defendant's request for reimbursement of witness fees of $83,073.75 is reduced to $480.00.

**C. Fees for exemplification and copies**

A prevailing party may recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The moving party "must present evidence regarding the documents copied including their use or intended use." <u>George v. Fla. Dep't of Corr.</u>, No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008) (citation omitted). This evidence should include "information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." <u>Monelus v. Tocodrian, Inc.</u>, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). However, "costs for copies made merely for counsel's convenience" are not recoverable. <u>Id.</u> "As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." <u>George</u>, 2008 WL 2571348, at *2.

Defendants seek to recover $1,531.46 in costs for photocopies. <u>See</u> Bill of Costs [D.E. 232-1]. Defendant has not provided an explanation regarding the need for these copies beyond stating that they were "necessarily obtained for use in the case". <u>See</u> Reply [D.E. 275 at 4]. This bare explanation is insufficient. <u>Monelus</u>, 609 F. Supp. 2d at 1335. Accordingly, the undersigned disallows these costs.

### D. Mediation costs

Defendant also seeks to recover the $1,470.00 for the cost of mediation. However, mediation costs are not recoverable under Section 1920. See 28 U.S.C. § 1920. Further, Local Rule 16.2(b)(7) states, "Absent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference." See Local Rule 16.2(b)(7). Here, there is no agreement to the contrary; hence, mediation costs are not recoverable by Defendant. See Screen v. Clean Image of Miami, Inc., No. 10-21929-CIV, 2012 WL 3001525, at *6 (S.D. Fla. July 23, 2012) (mediation costs not designated as a recoverable cost under Section 1920 and are thus not recoverable absent an agreement to the contrary of Local Rule 16.2(b)(7)).

Applying the foregoing reductions results in the following costs computation:

| Expenses and Costs | Requested ($) | Allowed ($) |
|---|---|---|
| Fees for service of subpoenas | 2,277.00 | 1,495.00 |
| Fees for printed or electronically recorded transcripts | 15,503.03 | 10,704.20 |
| Fees for witnesses | 83,073.75 | 480.00 |
| Fees for exemplification and copies | 1,531.46 | 0.00 |
| Mediation | 1,470.00 | 0.00 |
| **TOTAL:** | **103,855.24** | **12,679.20** |

### RECOMMENDATION

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs [D.E. 272] be GRANTED IN PART, and that Defendant be awarded $12,679.20 in taxable costs as the prevailing party in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance

with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 12th day of April, 2022.

                                                        ALICIA M. OTAZO-REYES
                                                       UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Darrin P. Gayles
        Counsel of Record